UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MINNEAPOLIS PAINTING INDUSTRY HEALTH AND WELFARE FUND, MINNEAPOLIS LOCAL 386 DRYWALL FINISHING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION AND HOLIDAY FUND, MINNESOTA PUBLIC RELATIONS AND APPRENTICESHIP TRAINING FUND, MINNESOTA STATE CONFERENCE OF PAINTERS, TRUSTS,

Civil File No. 00-CV-937 JRT/FLN

Plaintiffs,

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

vs.

JACKSON DECORATING CO. and ARTHUR M. JACKSON,

Defendants.

This matter was heard before the undersigned on the 31st day of May, 2000. Pamela Hodges Nissen of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on April 12, 2000.

2. Defendants Jackson Decorating Co. and Arthur M. Jackson were personally served with a Summons and Complaint in this matter on April 13, 2000.

3. Defendants have failed to file and serve a response or Answer to the Summons and Complaint.

FILED MAY 31 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

5. Defendants accepted and agreed to be bound by a collective bargaining agreement with the Brotherhood of Painters and Allied Trades, Painters Local Union No. 386. The agreement obligates Defendants, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendants failed to submit report forms or pay contributions for the months of February, March, and April, 2000.

7. The bargaining agreement provides that Defendants pay liquidated damages of 10% of delinquent contributions.

8. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants must submit payroll report forms and pay the contributions for all months for which Defendants are delinquent.

3. Defendants owe additional amounts for liquidated damages, interest, and attorneys' fees and costs.

**ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendants file reports for February, March, and April, 2000 if it has not already been submitted, at the offices of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, correctly identifying hours worked by painters and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 10 days of service of this Order upon them.

3. That Defendants pay the contributions of all of the hours reported pursuant to the Court's order plus interest, liquidated damages in the amount of 10% of the delinquent contributions, and Plaintiffs' attorneys' fees and costs.

4. That upon the filing of the reports by Defendants with Plaintiffs pursuant to this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions, liquidated damages, interest, and attorney fees and costs as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendants.

**IT IS SO ORDERED.**

Dated: May 31, 2000

BY THE COURT

John R. Tunheim

John R. Tunheim
United States District Court Judge